█ HENRY SPIES, Appellant, v. ROCK INDUSTRIES, INC., et al., Respondents.— In an action to recover severance and vacation payments, plaintiff employee appeals from a judgment of the Supreme Court, Rockland County, entered October 29, 1970, in favor of defendants, upon a directed verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Whether plaintiff's forced retirement was in reality "a reduction of work force", entitling him to severance payment, or a "discharge or forced resignation" cannot be determined as a matter of law from the severance pay formula. This formula contains a latent ambiguity, the interpretation of which belonged to the jury (*Lachs* v. *Fidelity & Cas. Co.,* 306 N. Y. 357, 364). Taking a view of the evidence most favorable to plaintiff, the jury could have reasonably inferred from the evidence presented, without any strain on the rational process, that plaintiff did not misappropriate defendants' gasoline and sign the name of another. The jury could have reasonably inferred that plaintiff's forced retirement was in reality connected with defendants' policy of reducing its work force (*Holmberg* v. *Donohue,* 24 A D 2d 569; *Wessel* v. *Krop,* 30 A D 2d 764). It was error for the trial court to grant defendants' motion for a directed verdict. Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.